### No. 378
### WEINBERG et v. HARTZELL
Ohio Appeals, 1st Dist., Hamilton Co.

No. 2759.   Decided Feb. 8, 1926

**480.   EVIDENCE—Offered in rebuttal, other than that brought out in case in chief, is cumulative and improper rebuttal evidence.**

**791.   MOTIONS—To strike out certain evidence should set forth just what answers are desired to be stricken out.**

PER CURIAM

A. F. Hartzell trading as the Standard Oven Co. contracted with Joseph Weinberg et al, trading as L. Weinberg Baking Co., to build several ovens to be used in connection with the baking business. When the ovens were erected, partial payment was made and notes were given by Baking Co. for the balance.

Later the Baking Co. claimed that the ovens did not meet their requirements, whereupon the Oven Co. dismantled and rebuilt said ovens. Several notes were paid, and the Baking Co. refused to make further payments, claiming the ovens were not satisfactory. Suit was then filed in the Cincinnati Municipal Court by the Oven Co. to recover on the notes.

The Baking Co. filed this original action in the Hamilton Common Pleas praying for an injunction to enjoin Hartzell from prosecuting the actions above mentioned, and also for a decree cancelling the notes and for damages for breach of contract. The jury returned a verdict for Hartzell on the amount sued for on the notes and especially found the Baking Co. acted in bad faith. Judgment was entered upon the verdict.

Error was prosecuted on the grounds that the court erred in refusing to admit evidence on rebuttal; and that the court erred in overruling the Baking Company's motion to strike out all evidence offered by defendant except that as to the good faith of the Oven Co. The Court of Appeals held:

1. It seems that before plaintiff's case in chief was closed, defendant asked for and received permission to take charge of the ovens and bring into court samples of the bread baked therein.

2. After close of defendant's case plaintiff sought to introduce evidence to the effect that after the test made, the heat in the ovens was so reduced that no further baking could be done in them. The Court ruled this improper testimony in rebuttal.

3. Plaintiffs, in chief, had introduced evidence for the purpose of showing that the ovens did not meet their requirements, and such additional evidence as was offered in rebuttal would only have been cumulative and not proper evidence in rebuttal.

4. The motion of plaintiffs to strike out the evidence of the defendant except as to good faith of defendant in determining the satisfaction of the ovens, did not set forth or specify just what answers were to be stricken out; and the motion was properly overruled.

Judgment affirmed.

Attorneys—John C. Hermann for Weinberg et; Matthews & Matthews for Hartzell; all of Cincinnati.